**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARYLOU MILLER,

        Plaintiff,

  v.

MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.,

        Defendants.
_____/

Case No. 18-cv-218

HON. ROBERT J. JONKER

**JURY DEMANDED**

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiff brings this action under the Fair Debt Collection Practices Act against Defendants MIDLAND FUNDING, and LLC, MIDLAND CREDIT MANAGEMENT, INC., for improperly attempting to collect an amount of interest after, on information and belief, the original creditor listed in the collection letter received by Plaintiff, (Exhibit A), waived its right to collect interest and charged off the debt.

2. Plaintiff initially believed based on the language, "[t]he law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau" and identifying the "Charge-Off Date 04-07-2011", that the subject debt was time barred.

3. Subsequent to the filing of the Complaint, Defendants' counsel presented Plaintiff's documentation of payments made by Plaintiff to a debt collection law firm, which upon review by Plaintiff she did not connect the payments to being made on the debt listed in the

collection letter Exhibit A, and believed that she had paid in full the law firm on the debt it was trying to collect.

4. Of significance to the Amended Complaint, Defendants' counsel produced a document executed in November of 2012, that the amount of the debt was, "$902.23 (plus all applicable interest)", (Exhibit B), and produced checks that Plaintiff made at least payments of $500 on the debt.

5. It therefore appears given the time period in which the debt was originally collected, and that Plaintiff at a minimum paid $500 on a $902.23 debt (without any interest added), and the subject 2017 collection letter indicated that the "Current Balance" was "$544.87".

6. Defendants' sister company was found to have violated the FDCPA for attempting to collect interest after the initial creditor waived it. *McDoanld v. Asset Acceptance LLC,* 296 F.R.D. 513 (E.D. Mich. 2013).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act).

8. Venue is proper in this District because the conduct complained of was directed to Plaintiff who resides in Ionia County.

**PARTIES**

9. Plaintiff is a natural person who resides in the County of Ionia, State of Michigan.

10. Plaintiff is a "consumer" as defined as 15 U.S.C. § 1692a(5) in regard to the letter, Exhibit A.

11. MIDLAND FUNDING, LLC, is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

12. MIDLAND FUNDING, LLC owns portfolios of consumer receivables, which it attempts to collect.

13. When working with individual consumers, MIDLAND FUNDING, LLC and its affiliates generally attempt to contact consumers like Plaintiff through several means, all in an effort to establish contact and to resolve the underlying debt.

14. In doing so, MIDLAND FUNDING, LLC attempts to assess each consumer's willingness to pay through phone calls, letters or other means.

15. MIDLAND FUNDING, LLC works with consumers in an effort to find mutually-beneficial solutions, often offering discounts, hardship plans, and payment options.

16. MIDLAND FUNDING, LLC's efforts are aimed at working with consumers to repay their obligations and to attain financial recovery.

17. The majority of MIDLAND FUNDING, LLC's consumers ignore calls or letters, and some simply refuse to repay their obligations despite an apparent ability to do so.

18. When this happens, MIDLAND FUNDING, LLC must decide then whether to pursue collection through legal channels, including litigation.

19. MIDLAND FUNDING, LLC, is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

20. MIDLAND CREDIT MANAGEMENT, INC. is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

21. "Midland [Funding, LLC], M[idland] C[redit] M[anagement] . . . are wholly-owned subsidiaries of Encore Capital and share common officers and directors with Encore Capital. Midland and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect Consumer Debt on a massive scale." *In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, p. 5 (CFPB Sept. 9, 2015) *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf (last visited June 30, 2016).

22. On information and belief, MIDLAND CREDIT MANAGEMENT, INC. employees are classified as employees of ENCORE CAPITAL GROUP, INC., or as an officer of MIDLAND FUNDING LLC.

23. ENCORE CAPITAL GROUP, INC., through its subsidiaries MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC file hundreds of thousands of lawsuits a year in state courts using, in part, robo-signed affidavits of persons with no real knowledge, and sue on time barred debts in such volume that the attorney generals of several states have taken action against MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC., and MIDLAND FUNDING LLC.. *State of West Virginia v. Midland Funding LLC,* 12C-4-33, Circuit Court of Kanawha County, West Virginia (Charleston); (Id., Ex. 3, *State of Minnesota by its Attorney General, Lori Swanson v. Midland Funding, LLC and Midland Credit Management Inc.*, 2011 WL 1909418, p.2  (Minn. Dist. Ct.) (Trial Pleading) (May 19, 2011) (noting "false 'robo-

signed' affidavits signed "without reading them"); *See generally In the Matter of the Investigation by ERIC T. SCHNEIDERMAN, Attorney General of New York, of ENCORE CAPITAL GROUP, INC.,* Assurance No. 14-238); *State of Texas v. Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc.*, available at https://www.texasattorneygeneral.gov/newspubs/releases/2011/070811encore_pop.pdf) (last visited February 22, 2018).

24. In "2009 alone, Midland and MCM filed over 245,000 lawsuits against individual consumers", but not once it is mentioned that MIDLAND FUNDING LLC, when trying to enforce a contractual debt against a consumer, will seek to arbitrate a claim. *See State of Minnesota by its Attorney General, Lori Swanson v. Midland Funding, LLC and Midland Credit Management Inc.*, 2011 WL 1909418, p.2.

**FACTS**

25. MIDLAND CREDIT MANAGEMENT, INC., on behalf of MIDLAND FUNDING, LLC, sent or caused to sent a letter dated 12-20-2017, addressed to Plaintiff, a redacted copy of which is (Exhibit A).

26. Plaintiff received the letter dated 12-20-2017, a redacted copy of which is Exhibit A.

27. The letter dated 12-20-2017, lists the "Original Creditor" as "Credit One Bank, N.A.".

28. Plaintiff, relying upon her legal counsel states, on information and belief, Exhibit A identifies a "debt" under 15 U.S.C. § 1692a(5), as Defendants' subject letter list a 16 digit "Original Account" which is typically a credit card, and Credit One Bank advertises credit cards,

5

with pre-approved offers requiring the person to type in their last and first name along with the "Last 4 of SSN". https://www.creditonebank.com/?DF4=AB1738_MWid.

29. The subject letter identifies Midland Funding LLC as the "Current Owner" of original account.

30. The letter, Exhibit A is a "communication" under 15 U.S.C. § 1692a(3) as it conveys information regarding a debt directly or indirectly to any person.

31. After the filing of the Complaint, Defendants' counsel produced a document executed in November of 2012, that the amount of the debt was, "$902.23 (plus all applicable interest)", a redacted copy is attached as (Exhibit B).

### COUNT I – FDCPA

32. Plaintiff incorporates paragraphs 1-31 above herein.

33. On or around November 2011, the principal amount of the subject debt was "$902.23". (Exhibit B).

34. The documents additionally produced by Defendants' counsel after the filing of the Complaint show that Plaintiff made the following payments:

    a. $50, November 6, 2012;

    b. $100, January 20, 2013;

    c. $50, February 1, 2013;

    d. $50, March 21, 2013;

    e. $50, May 2, 2013;

    f. $50, June 20, 2013;

    g. $50, July 21, 2013; and

    h. $100, December 5, 2013.

35.     **The subject collection letter indicates that** that as of 12-20-2017 the "Current Balance" of the subject debt was "$544.87".  (Exhibit A).

36.     It therefore appears given the time period in which the debt was originally collected, and that Plaintiff at a minimum paid $500 on a $902.23 debt (without any interest added) and the collection letter indicated that the "Current Balance" was "$544.87".

37.     Defendants' sister company was found to have violated the FDCPA for attempting to collect interest after the initial creditor waived it.  *McDoanld v. Asset Acceptance LLC,* 296 F.R.D. 513 (E.D. Mich. 2013).

38.     Defendants violated 15 U.S.C. § 1692e(2)(A) and §1692f(1) by attempting to collect an amount if interest it was not entitled to.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.      Enter a judgment against Defendants for statutory and actual damages available under the FDCPA; and

B.      Enter a judgment against Defendants for reasonable attorney's fees and costs.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | Golden Law Offices, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |
| cwarner@warner.legal | btg@bthomasgolden.com |

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| WARNER LAW FIRM, LLC | Golden Law Offices, P.C. |
| 350 S. Northwest HWY., Ste. 300 | 2186 West Main Street, P.O. Box 9 |
| Park Ridge, IL 60068 | Lowell, Michigan 49331 |
| (847) 701-5290 | (616) 897-2900 |